Argued December 10, 1969, affirmed March 11, 1970

TIFFANY-DAVIS DRUG CO., *Respondent, v.*
DEPARTMENT OF REVENUE,
*Appellant.*

465 P. 2d 878

*Ira W. Jones,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Walter J. Apley, Assistant Attorney General, Salem.

*Kaye C. Robinette,* Eugene, argued the cause for respondent. With him on the brief were Vonderheit, Hershner & Hunter, Eugene.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE and HOLMAN, Justices.

SLOAN, J.

The tax court held that ORS 317.297 enabled plaintiff to claim certain pre-merger losses sustained by previously existing subsidiary corporations that had been merged into plaintiff. The tax commission had denied the claim and now appeals the tax court decision. The basis of plaintiff's claim is set forth in its complaint relative to the merger of one of the corporations:

> "The operating loss involved was incurred prior to 1963 by Tiffany-Davis #1, Inc., a corporation formed by and at all times a wholly owned subsidiary of plaintiff. Tiffany-Davis #1, Inc., was liquidated in December, 1962, all assets and obligations being transferred to plaintiff as the sole stockholder. If the liquidation had not occurred the operating loss carryover would have been available to Tiffany-Davis #1, Inc., the subsidiary, and it was, therefore, claimed by plaintiff, the parent. After the liquidation, the same stores and businesses were conducted by the plaintiff as had previously been conducted by the plaintiff and its subsidiaries and the same business identity of the plaintiff and the subsidiaries was continued as the same economic unit."

The allegations as to the other corporations, except for dates and amounts, were the same.

The tax court's opinion at 3 OTR 343 (1969), provides a careful analysis of the questions involved and of the cases that we most look to for solution. We adopt the tax court's opinion and affirm.

McALLISTER, J., dissenting.

In my opinion the decree of the Tax Court should be reversed and the case decided in conformity with the State Tax Commission's opinion and order num-

bered I-68-8 for the reasons set out therein. The opinion and order, in pertinent part, reads as follows:

"The facts in this case are undisputed. For all years prior to the liquidation of the subsidiaries, Tiffany-Davis #1, Tiffany-Davis #2, Tiffany-Davis #3 and Tiffany-Davis #4, into Tiffany-Davis Drug Co., the parent company owned all of the stock of the subsidiaries. Tiffany-Davis #1 was liquidated and merged into the parent corporation in December, 1962, and Tiffany-Davis #2, #3 and #4 in August of 1963. During the period prior to the merger, Tiffany-Davis #1, #3 and #4 had losses.

"The question presented to the Commission for its consideration was whether or not, under Oregon law, the net operating losses incurred by the subsidiaries prior to the liquidation into the parent, could be deducted by the parent in the years following the merger of the companies.

"The auditor had allowed the losses in 1963, 1964 and 1965 to the extent that the individual divisions (former subsidiaries) had gains. It is the taxpayer's contention that the entire losses should be deductible on the parent corporation's return for years following the merger.

\* \* \* \* \*

"The wording under the federal Internal Revenue Code (1939) Section 122, is vastly different from the wording contained in ORS 317.297. The scheme for deducting net operating losses is different; the 1939 Internal Revenue Code section uses the term 'taxpayer' which has caused many of the questions in the federal cases. ORS 317.297 does not use this term, except in subsection (5) referring to the filing of returns. The Internal Revenue Code provides a scheme of carrybacks and carry forwards which are subject to many adjustments, none of which are provided for in the Oregon law. Therefore, the Commission concludes that the law and court decisions under the federal Internal Revenue Code of 1939 are not applicable to

and cannot be used as a guide in the interpretation of the Oregon statute. The Commission on a prior occasion relied on *Libson Shops v. Koehler, supra,* as authority for its holding. Order I-65-17, 4-6-65. Upon reconsideration, the Commission finds *Libson Shops, supra,* inapplicable as a guide for the interpretation of ORS 317.297 for the reasons stated above. Accordingly, the adjustment made by the auditor must be revised.

"ORS 317.297 provides that in computing net income there shall be allowed as a deduction an amount equal to the aggregate of the net losses of prior years to the extent allowed in that section. Net loss is defined as the total of the deductions allowed by ORS 317 in arriving at net income reduced by the gross income, if any, with other limitations (which are not applicable to this case) as provided in the section. Tiffany-Davis Drug Co. did not have any net losses as defined by subsection (2) of ORS 317.297 which can be used as a deduction against its net income in another tax year.

"At the time that the net loss deduction provisions were enacted in ORS Ch. 316, 317 and 318, a provision was enacted which would permit the unused net loss deduction of an estate or trust to be carried forward and used by a beneficiary of that estate or trust. ORS 316.827. Consideration was given to situations whereby the net loss of one entity might be deducted by another, but no similar provision was placed in the Corporation Excise Tax Act concerning the net losses of former corporations which are merged into another corporation. This could have been done either at the time of the enactment of the net loss carry forward in 1957, or when the net loss deduction provisions were amended in 1959 and again in 1959 when the sections dealing with corporate reorganizations were changed so that the federal and state laws would be very similar. At this latter time it would have been natural for a provision similar to Section 381

of the 1954 Internal Revenue Code to have been enacted into Oregon law. The legislature did not choose to do any of these things. Therefore, it is the Commission's conclusion that the legislature did not intend that a net loss could be deductible except that which was sustained by the corporation claiming the deduction. Without statutory authority clearly permitting this deduction claimed by petitioners, it must be denied. *Unander v. Pasquill et al.*, 212 Or. 213, 223, 319 P2d 579 (1957); *Keys v. Chambers et al.*, 209 Or. 640, 645, 307 P2d 498 (1957); *Methodist Book Concern v. State Tax Commission*, 186 Or. 585, 592, 593, 208 P2d 319 (1949) and *Allen v. Multnomah County et al.*, 179 Or. 548, 561, 173 P2d 475 (1946)."

I respectfully dissent.

HOLMAN, J., joining in the dissent of McALLISTER, J.

It would seem inequitable not to allow a parent corporation to carry over a prior loss of a wholly owned subsidiary corporation with which it is merged, if the parent corporation is permitted to carry over its own losses. However, the loss was suffered by a different legal entity than that which is now attempting to take advantage of it. There is no provision in the tax law which provides for a carry-over in such circumstances. I do not believe the court should imply one.