## JIM D. AND NANCY J. TALLMAN v. DEPARTMENT OF REVENUE

Norman A. Phillips and Leonard H. Beasley, Morrison, Bailey, Dunn, Cohen & Miller, Portland, represented plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered December 20, 1973.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appeal from the defendant's Order No. I-73-22, denying certain claimed deductions for net operating loss carry-forwards for their personal income tax year 1971.

Plaintiffs suffered a substantial net operating loss during their 1970 personal income tax year. Following federal requirements, they carried the loss back into their federal income tax years 1967 and 1968, with a balance of $910.41 being carried back for both federal

and state purposes for the year 1969 (utilizing, for state purposes, the provisions of the Oregon Personal Income Tax Act of 1969, ORS ch 316, 1969 Replacement Part). Plaintiffs recognized that the Oregon income tax law made no provision for a net loss carry-back prior to 1969 but it is their position that the net operating loss for 1970, which was carried back to 1967 and 1968 for federal income tax purposes, does not reduce their net operating loss carry-over in computing Oregon 1971 taxable income.

The matter was presented to the court on the basis of a stipulation and briefs. Plaintiffs, at page 2 of their initial brief, state the issues to be decided by the court as follows:

"A. Whether a 1970 net operating loss incurred by an individual for State of Oregon income tax purposes for the calendar year 1970 may be carried back to the year 1967 and carried forward from that year.

"B. Alternatively, whether a 1970 net operating loss incurred by an individual for State of Oregon income tax purposes which cannot be carried back to a year prior to 1969 may be carried forward to the year 1971 to the extent not used in years prior to 1970 for Oregon income tax purposes."

As succinctly stated by plaintiffs in their reply brief, at page 3, lines 13-14: "This case simply involves a question of what deduction the legislature granted in 1969 [i.e., by the 1969 act]."

■ As to the first issue, *Christian v. Dept. of Rev.*, 5 OTR 364 (1973), answers the question, holding that, for Oregon income tax purposes, a net operating loss suffered in 1969 or thereafter may not be carried back to a tax year prior to 1969.

The principles set out in *Christian, supra,* are also applicable to the question of the carry-forward on the state return from 1970 to 1971. Plaintiffs err in their brief, at page 4, lines 5-8, where they assert that Oregon's adoption of its 1969 Personal Income Tax Act had the effect of adopting § 172 of the federal Int Rev Code of 1954, relating to the net operating loss; they err again in their reply brief, at page 2, lines 17-18, where they state: "The Internal Revenue Code and the Oregon Income Tax Code are now aligned completely."

As held in *Christian, supra,* the adoption of the 1969 Personal Income Tax Act was intended to simplify Oregon personal income tax returns by utilizing the federal definition of "taxable income" as the initial figure upon the Oregon return. See ORS 316.007, 316.022 (5); ORS 316.067 is not applicable to the present suit.

In 1970, the federal taxable income, with its substantial loss, was reflected in the plaintiffs' Oregon return. Pursuant to federal law, the plaintiffs were able to carry back their net operating loss into 1967 and 1968 for federal income tax purposes and into 1969 for both federal and state purposes.

For 1971, the plaintiffs were required for Oregon income tax purposes to use, as the initial figure on their Oregon return, the taxable income shown for 1971 on their federal return. This figure, of course, contained no 1971 adjustment on the federal income tax return for a net loss carry-forward because the 1970 loss had been exhausted with the filing of the amended 1967, 1968 and 1969 returns. Any further adjustment to the Oregon return would depend upon the specific provisions of the Oregon Personal Income Tax Act of 1969. No provision can be found therefor. As stated in

*Christian, supra,* no taxpayer has a vested right in an income tax deduction. A net operating loss deduction can be taken only as specifically allowed by the Oregon law in its modification of the federal definition of "taxable income."

Plaintiffs have relied heavily on the rule stated in *Reo Motors v. Commissioner,* 338 US 442, 70 S Ct 283, 94 L Ed 245, 50-1 USTC ¶ 9130, 38 AFTR 981 (1950). The court has accepted this rule (see *Christian, supra*). It requires that the amount and extent of a carry-over or a carry-back and the amount of the operating loss for which a deduction is allowable must be determined by the law in force in the year the deduction is sought. The Oregon "law in force" for years prior to 1969 was the Personal Income Tax Act of 1953, which permitted a simple loss carry-forward, unrelated to the federal statute. The Oregon law in force beginning in 1969 relates the Oregon income to federal taxable income; the Oregon return can reflect a net operating loss only as the federal taxable income is affected for the year in question by Int Rev Code of 1954, § 172.

The defendant's order is affirmed, the plaintiffs' cause of suit is dismissed, with prejudice.