EVERETT Z. AND JANICE CHRISTIAN *v.*
DEPARTMENT OF REVENUE
CLIFTON G. AND CAROL CHRISTIAN *v.*
DEPARTMENT OF REVENUE
LOIS CHRISTIAN *v.* DEPARTMENT
OF REVENUE

Otto F. Vonderheit, Vonderheit, Hershner & Hunter, Eugene, represented plaintiffs.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision sustaining defendant's decisive demurrer rendered December 20, 1973.

CARLISLE B. ROBERTS, Judge.

Plaintiffs respectively appeal from defendant's Orders Nos. I-73-12, I-73-11 and I-73-13, affirming the assessment of additional personal income taxes for the tax year 1970. The suits were consolidated for trial purposes.

Plaintiffs petitioned the Department of Revenue to determine if the net operating losses suffered by them in 1969 should be allowed as a deduction on their 1970 returns or, in the alternative, on the 1967 and 1968 returns. The defendant denied both the loss carry-forward and the loss carry-back and plaintiffs appealed to this court.

The facts are simple but the law is complicated. The legal conclusion must be ascertained from legislative intent discovered through careful consideration of three complex statutes: the Personal Income Tax Act of 1953 (Oregon Laws 1953, ch 304, codified as ORS ch 316, 1965 Replacement Part); the Personal Income Tax Act of 1969 (Oregon Laws 1969, ch 493, codified as ORS ch 316, 1969 Replacement Part); and the federal Internal Revenue Code of 1954. Oregon's 1969 act superseded the 1953 act and was effective for personal income tax years beginning on and after January 1, 1969. The 1969 act implicitly adopted substantial portions of the Internal Revenue Code of 1954 by reference to federal income tax definitions (ORS 316.007; see also ORS 316.022).

A fundamental aspect of income tax theory is the "taxable year." There is no way to determine whether a taxpayer enjoys net income, subject to tax, or suffers a net loss unless a fixed period, specified by statute, establishes the points of time in which the income flow is measured. 2 Mertens, *Law of Federal Income Taxation* § 12.06. It follows that an individual who is found to have a substantial "net income" on December 31, the last day of his tax year, could be in difficult straits before the end of the succeeding year. The federal income tax "net operating loss" provision is a relief measure, intended to offset the gains of some years by the excess losses (i.e., "net losses") of other years.[1]

For taxable years ending after December 31, 1957, the federal Internal Revenue Code of 1954 provided for a carry-back for three years from the year of loss and a carry-over for five years from the year of loss. The statute is intricate. A number of adjustments are required to determine the amount of deduction allowable in each year. Over the years, the code has consistently required that the deduction be taken sequentially from the earliest year of the allowable span and each year thereafter, where applicable. See Int Rev Code of 1954, § 172.

---

[1] See 5 Mertens, *Law of Federal Income Taxation* § 29.01, at 3: "The [federal] provision allowing a net operating loss deduction has had a checkered career. Congress has blown hot and cold at different times as to the scope of the provision and for a period of time the provision was entirely eliminated from the statute. In all its variations it has represented a response of Congress to the hardships caused by the taxable year as a measuring unit of time for determining tax liability, and in its inception in 1919 and its revival in 1939 was intended to favor taxpayers whose income was apt to fluctuate from year to year as well as those taxpayers whose business was in a period of development. The Supreme Court has stated that the net operating loss deduction obtains not as of right, but as of grace."

In Oregon Laws 1957 (Special Session), ch 15, §§ 6, 7 and 8, the Personal Income Tax Act of 1953 (ORS ch 316, 1957 Replacement Part) was amended to provide for a simple net loss carry-over for state income tax purposes. "Net loss" was defined as the total of deductions allowed to the taxpayer under the act, reduced by the gross income, if any. The net loss was allowed as a deduction in each of the five succeeding years following the year of loss to the extent that such net loss exceeded the net income of the taxpayer, computed without the net loss deduction, but with the net loss deduction reduced by the amount of the accumulated deductions taken by the taxpayer in prior years. See ORS 316.353 (1965 Replacement Part).

For tax years beginning on and after January 1, 1969, the Oregon Personal Income Tax Act of 1953 was replaced by the Personal Income Tax Act of 1969. The keystone of this act is the adoption for state income tax purposes of the definition of "taxable income" as specified in the Int Rev Code of 1954, § 63 (a) and (b). ORS 316.022 (5). The legislative policy is set out in ORS 316.007:

> "It is the intent of the Legislative Assembly, by the adoption of this chapter, in so far as possible, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax; to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to the definition of income, exceptions and exclusions therefrom, deductions (business and personal), accounting methods, taxation of trusts, estates and partnerships, basis, depreciation and other perti-

nent provisions relating to gross income as defined therein, *resulting in a final amount called 'taxable income' in the Internal Revenue Code;* and to impose a tax on residents of this state measured by taxable income wherever derived and to impose a tax on the income of nonresidents that is ascribable to sources within this state." (Emphasis supplied.)

ORS 316.062 provides that:

> *"The entire taxable income of a resident of this state is his federal taxable income* as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter [ORS ch 316]." (Emphasis supplied.)

ORS 316.007 requires that the Oregon taxpayer first prepare his federal personal income tax return in order to determine the amount in dollars of "taxable income" for federal income tax purposes, so that he may carry this amount over to his Oregon return. A portion of Reg 316.457 of the Department of Revenue makes clear that the adoption of the federal "taxable income" requires the Oregon taxpayer to include a copy of his federal return with his Oregon return:

> "A copy of the federal return (including all pertinent schedules) must always be filed with Form 40 or the return shall be deemed incomplete. If partnership income is reported on the return, a copy of the federal partnership return must be filed with the department by one of the partners."

In the year in which the net operating loss is suffered, some portion of the gross loss will be shown on the federal return as a deduction and will reduce federal income in accordance with the federal statute. The diminution of income will be reflected in the federal taxable income which is carried over to the Oregon personal income tax return.

If there is an excess of the gross loss (defined as "net operating loss") unusable on the federal income tax return in the year of loss, the taxpayer, under the federal Int Rev Code of 1954, § 172, is entitled to diminish his prior federal income tax payments by seeking an adjustment in a prior taxable year or to take a further deduction in a subsequent year. The maximum use of the net operating loss under the federal statute will involve the three years prior to the year of loss (the carry-back) and five years following the year of loss (the carry-over).

The taxpayer is required by the federal statute, as a first step, to seek a refund for the taxable year three years prior to the year of loss. Assuming the year of loss is 1970 (as in the present cases), the taxpayer will prepare an amended federal return or necessary schedule for the year 1967 and claim a refund modified by the adjustments to net operating loss required by the statute. (For example, no deduction is allowed for personal exemptions or a deduction in lieu of such exemptions or for long-term capital gains; amounts deductible for losses from sales or exchanges of capital assets shall not exceed the amount includable for gains from sales or exchanges of capital assets. Int Rev Code of 1954, § 172 (b) (2) (A). These adjustments have varied in different years.)

In consequence of questions raised because of changes in the federal Internal Revenue Code from year to year, case law and federal regulations have established the rule that the *character of the loss* as an operating loss must be determined by the law in force in the taxable year in which the loss was suffered, but the law in force in the taxable year in which the net operating loss deduction is sought determines *the*

*amount and the extent* iof the carry-over or carry-back deductible in that particular year. Int Rev Code of 1954, § 172 (e); *Reo Motors v. Commissioner,* 338 US 442, 70 S Ct 283, 94 L Ed 245, 50-1 USTC ¶ 9130, 38 AFTR 981 (1950); *American Bk. & Tr. Co. v. United States,* 333 F2d 416 (5th Cir 1964), 64-2 USTC ¶ 9566, 13 AFTR2d 1778; *Herbert J. Kent,* 35 TC 30 (1960). Thus, in the year of loss, the taxpayer looks to the law of that year to determine whether a net operating loss exists, and, if so, the amount allowable. Then, as he seeks to utilize the loss to diminish tax, he looks to the law of the year of first application to see what adjustments to taxable income must be made (requiring a new calculation of his taxable income) against which he can apply the net operating loss. The process must be repeated in each year he seeks the deduction, guided by the law iof that year. *Pacific Rock & Gravel Co. v. United States,* 297 F2d 122 (9th Cir 1961), 61-2 USTC ¶ 9645, 8 AFTR2d 5385.

■ Having used a loss carry-back to obtain a refund of his 1967 federal tax, the taxpayer will seek to obtain a similar refund by amending his 1967 Oregon personal income tax return. He is immediately confronted with the problem that the 1967 Oregon income tax statute had no provision for loss carry-backs and that the statute is still in effect for all purposes for income tax years ending on or before December 31, 1968. See Oregon Laws 1969, ch 493 (the measure which introduced the Personal Income Tax Act of 1969). Two saving clauses found in the measure read:

"Section 99. ORS chapter 316 (1967 Replacement Part) is repealed as to taxable years affected by sections 1 to 70 iof this Act [the new income tax law, effective for tax years beginning on and after January 1, 1969], but remain in full force for the

purposes of assessment, imposition and collection of all income and withholding taxes and all interest, penalties or forfeitures that have accrued or may accrue under such repealed provisions in the period prior to this repeal.

"Section 100. (1) * * * this [1969] Act applies to taxable years beginning on and after January 1, 1969, and for prior taxable years the provisions repealed by section 99 of this Act continue in full force and effect."

There is simply no statutory authority under the Personal Income Tax Act of 1953 for granting a refund for years prior to 1969 under the facts of this suit. If the loss year had been 1972 and a refund were properly sought for 1969, a similar refund having been obtained on the 1969 federal tax return, thus altering its "taxable income," it would seem that the taxpayer would have no difficulty in obtaining his refund on the state return (since altering the 1969 federal taxable income alters the 1969 Oregon taxable income), but that is not the case here.

The plaintiffs have argued that they are not seeking to affect the Personal Income Tax Act of 1953 as it applies to the taxable year 1967; instead, the taxpayers claim to be seeking an adjustment, based upon the year 1970 but measured by the mathematics of 1967. It is argued that the case parallels the situation where a closed income tax year is not deemed to be "reopened" by turning to the facts of that year in order to support an adjustment in a subsequent, open year. (See *Intl. Health & Life Ins. Co. v. Dept. of Rev.,* 5 OTR 320 (1973) *aff'd* 269 OR 23, 523 P2d 223 (1974).) However, it must be recognized that the plaintiffs are not seeking a refund for 1970; to effectuate their desire, they *must* apply for a refund for 1967.

■ In seeking to affect Oregon tax years prior to 1969, the plaintiffs are giving a retroactive effect to the Personal Income Tax Act of 1969. Nothing can be pointed out in the 1969 act which suggests retrospection. Retroactive legislation is never presumed. *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972); *Smith v. Clackamas County,* 252 Or 230, 234, 448 P2d 512 (1968); *Reynolds Metals v. Tax Com.,* 245 Or 156, 161, 421 P2d 379 (1966); *Childers v. Civil Ser., Washington Co.,* 232 Or 327, 329, 375 P2d 417 (1962); and *Henderson v. State Tax Commission,* 182 Or 519, 522, 188 P2d 630 (1948).

■ The court is unable to accept the contention that § 172 of the Int Rev Code of 1954 is incorporated by reference into the 1969 Oregon statute. No specific reference is made to that section. A study of the statute shows the intention of the legislature, set out in ORS 316.007, that the definitions in the federal Internal Revenue Code relating to "income," "exceptions" and "exclusions" therefrom, "deductions," and other specific terms are to be considered by taxpayers and by income tax auditors and to be given identical effect in the Oregon law,

> "* * * *resulting in a final amount called 'taxable income' in the Internal Revenue Code*; and to impose a tax on residents of this state measured by taxable income wherever derived * * *." [ORS 316.007, 1969 Replacement Part.] (Emphasis supplied.)

The most significant part of the section is not the list of definitions (as argued by plaintiffs) *but the use of federal "taxable income" as the starting point of the Oregon return.* Simplicity for the taxpayer was a primary goal of the 1969 act. In each tax year, the tax-

payer must look to his federal income tax report for that year in order to begin his Oregon tax return. His federal "taxable income" will always contain the deductible net loss or net loss carry-forward deductible in federal law for that year. Thus the Oregon return will reflect but not enumerate these items. In the case of a net loss carry-back, a refund claim will have to be filed to show a change in former taxable income. Such claim can only be applicable for years 1969 and thereafter because only in 1969 and years thereafter is federal "taxable income" a part of the Oregon income tax law.

Obviously, no taxpayer has a vested right in a net operating loss or any other deduction. See *Unander v. Pasquill et al*, 212 Or 213, 223, 319 P2d 579 (1957). The state's power to establish its formula for income taxation is broad. *Smith v. Dept. of Rev.*, 5 OTR 249, 253 (1973). An exemption or deduction from tax is a matter of legislative policy and, therefore, is subject to change. *Shapiro v. City of New York,* 32 NY2d 96, 343 NYS2d 323, 296 NE2d 230, CCH STC Rep ¶ 250-157 (1973), and cases cited therein.

The legislature's five-year carry-over in the 1953 Act was superseded by the 1969 act for taxable years 1969 and after, but it was not dependent on the federal provision in any event. A state loss carry-over from 1967, good under the *former* law in 1969, is a nullity as to 1969 under the *present* act unless ORS 316.047, relating to taxing the same income twice, proves to be applicable (which has not been shown in this suit). *Miller v. Commissioner,* 115 F2d 479 (9th Cir 1940), 25 AFTR 1018, *cert denied,* 312 US 703, 61 S Ct 808, 85 L Ed 1136, 40-2 USTC ¶ 9772 (1941).

If the taxpayer had a net operating loss for federal

purposes in 1970 and his carry-back was fully utilized for federal tax purposes for tax years prior to 1969, it cannot be used for state purposes after 1968 because no law provides for it. If he had a federal net loss in 1968, which gave him a federal loss carry-over in 1969 or 1970, it will be reflected in the federal taxable income figure which is utilized on his Oregon return.

The drafting of the Personal Income Tax Act of 1969 reveals the same inexperience which handicapped the federal drafters of the net operating loss deduction when they made no provision for transition years while amending the deduction in 1932 (reducing two years' carry-over to one) and in 1933 (eliminating the deduction). See 5 Mertens, *supra*, § 29.01; *Miller, supra*. After another repetition of this early experience, special rules were provided for the transitional years in the Internal Revenue Code of 1954. See 5 Mertens, *supra*, § 29.09a; see also *Callanan Road Improvement Company v. United States*, 404 F2d 1119 (2d Cir 1968), 69-1 USTC ¶ 9130, 22 AFTR2d 5982. These safeguards are lacking in Oregon's 1969 act except for ORS 316.047 which, the parties agree, is not applicable in the present case. As stated by Mr. Justice Brandeis, in *Salomon v. State Tax Commission*, 278 US 484, 491-492, 49 S Ct 192, 73 L Ed 464, 470 (1929): "The fact that a better taxing system might be conceived does not render the law invalid. * * * [M]inor inequalities and hardships are incidents of every system of taxation * * *."

The demurrers to each of the complaints are sustained. The parties have agreed that a decision upon the demurrers will decide all the issues in the cases and that decrees may issue. Accordingly, the orders of the defendant are affirmed.