Argued November 15, 1968, affirmed January 22, 1969

# BOHEMIA LUMBER COMPANY, *Appellant, v.* HALEY, PUBLIC UTILITY COMMISSIONER, *Respondent.*

449 P. 2d 443

*Herbert W. Lombard, Jr.,* Cottage Grove, argued the cause for appellant. On the brief were Lombard, Lombard & Williams, Cottage Grove.

*Thomas Y. Higashi,* Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Richard W. Sabin, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LANGTRY, Justices.

PER CURIAM.

A log hauler appeals from a judgment sustaining a ruling by the Public Utility Commissioner that the hauler is liable for certain highway-use taxes computed by the Commissioner pursuant to ORS ch 767 for the period April 1, 1963, through May 31, 1965.

The principal issue is whether the road over which the logs were hauled was during the material time a county road or a United States Forest Service road. If the haul was accomplished entirely over Forest Service roads, the taxes are not payable. See ORS 767.035(9).[1]

In the sale of federal timber, the purchase price frequently includes an amount for the construction and maintenance of Forest Service roads. There is evidence that the hauler paid, either directly or through the purchase price of timber, a substantial part of the cost of maintenance of the road in question. In many of the timbered regions of the state, access to federal timber is gained by means of a road network which

---

[1] The amendment which would exempt the hauler from the tax under the present statute was not enacted until after the tax liability had been incurred in this case. See Oregon Laws 1965, ch 425, § 1.

includes public roads that are classified for certain purposes as state highways or county roads, public roads that are classified for certain purposes as Forest Service roads, and other public and private roads that have varying degrees of formal or informal public character.

The question in the case at bar was primarily one of fact. The Commissioner and the trial court considered all the relevant evidence and determined as a matter of fact that the road in question was, for all relevant purposes, a county road. This determination, being supported by the evidence, should not be disturbed. The hauler has urged a number of arguments tending to show that because of the peculiar facts in this case it may not have been equitable to levy the assessment under the applicable statutes. Tax law is notoriously impervious to the claims of equity, and we find no basis in the record for the estoppel which the hauler has attempted to assert in this case. In the only tax case in which this court has found an equitable estoppel against the government, the taxpayer relied upon an obsolete form furnished by the assessor and failed to discover that intervening legislation had changed a filing date. We said then that the application of estoppel in such cases is rare, but granted relief because of the active participation of the tax collector in causing the taxpayer to miss a critical date. See *Johnson v. Tax Commission*, 248 Or 460, 435 P2d 302 (1967). In the case at bar, the hauler was in possession of at least as much relevant information as was the Commissioner.

Affirmed.