## ROBERT E. AND NANCY E. RINEHART *v.*
## DEPARTMENT OF REVENUE

Brian A. Steenson, Jones, Brown, Hansen & Steenson, Portland, represented plaintiffs.

Ira W. Jones, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered March 21, 1973.

CARLISLE B. ROBERTS, Judge.

The plaintiffs appealed from defendant's Order No. I-72-15 which affirmed a personal income tax deficiency for the tax year 1969.

There is no dispute as to the facts in this case, which was submitted on briefs. Plaintiffs, husband and wife, were owners of stock in an Oregon corporation, the West Hills Convalescent Center, Inc., during the years 1964 through 1966. The original cost basis of the stock was $25,000. For federal income tax purposes, the corporation elected special tax status under Subchapter S, Int Rev Code of 1954, § 1371 et seq.

For federal income tax purposes, an individual shareholder was entitled to deduct a pro rata share of the corporation's net operating loss, if any, subject to the requirement that his basis in his shares be reduced by a like amount. Int Rev Code of 1954, § 1376 (b) (1). These Internal Revenue Code sections were not adopted by the Oregon legislature. (HB 1753, in the 1963 session, and SB 182, in the 1965 session, which would have amended ORS chapter 316 for this purpose, were tabled.)

During the year 1965, the corporation suffered a loss of $5,146.23 which was deducted on the stockholders' federal individual income tax returns. The stockholders' basis in the stock for federal income tax purposes was reduced by a similar amount under the Int Rev Code of 1954, § 1376 (b), but not under the Oregon income tax law.

During 1966, the stock in West Hills Convalescent Center, Inc., became worthless. The loss was reported on both the plaintiffs' state and federal returns as a short-term capital loss, the deduction of which is limited each tax year under the federal Internal Revenue Code of 1954 and the Oregon Personal Income Tax Act of 1953, with a further provision for carrying forward the balance of the loss in successive years. See, for example, ORS 316.320 (5), 1965 Replacement Part.

During the years 1966 through 1969, plaintiffs deducted on their federal return short-term capital losses in the amount of $19,853.77 (the reduced basis in the shares for federal purposes after deducting the 1965 net operating loss). This was the extent of the short-term capital loss first shown on the 1966 federal return. The amounts deductible on the state return for the years 1966 through 1968 were the same as on the federal returns since income on both returns was the same. On their Oregon personal income tax return for 1969, the plaintiffs particularly adjusted their federal taxable income by $2,240.14 in order to take an additional short-term capital loss that would have been deductible on the Oregon return had the Income Tax Act of 1953 remained in effect.

For tax years beginning on and after January 1, 1969, ORS chapter 316 was radically revised to adopt many sections of the federal Internal Revenue Code of 1954. (See ORS chapter 316, 1969 Replacement Part.) In accordance with its interpretation of the new act, particularly ORS 316.047, defendant disallowed plaintiffs' deduction of $2,240.14 and asserted tax thereon, with interest.

The sole issue to be decided in this case is whether or not plaintiffs may deduct the additional $2,240.14 as claimed on the Oregon income tax return as a modification for the year 1969. Plaintiffs claim that such a modification is required by ORS 316.047:

> "*If any provision of the Internal Revenue Code or of this chapter requires that any amount be added to or deducted from federal gross income or the net income taxable under this chapter that previously had been added to or deducted from net income taxable under the Oregon law in effect prior to the taxpayer's taxable year as to which this*

*chapter is first effective, then,* in such event, *appropriate adjustment shall be made* to the net income for the year or years subject to this chapter so as to prohibit the double taxation or the double deduction of any such amount that previously had entered into the computation of taxable income. Differences such as the *difference in basis of property used by the taxpayer for federal and Oregon income tax returns* and on account of the treatment of operating losses *shall be resolved by application of this principle. * * *"* (Emphasis supplied.)

Plaintiffs pleaded that the deficiency assessment and defendant's order were erroneous and unlawful in that:

"(1) The Defendant erroneously determined that the disallowance of the income modification did not result in a double inclusion of income. [See ORS 316.047, *supra.*]

"(2) The Defendant is attempting to tax the return of capital; and

"(3) The Defendant is disallowing capital loss carryovers to particular taxpayers and not to all taxpayers."

In construing the new Personal Income Tax Act of 1969, the court begins with the proposition that the legislature intended

"* * * in so far as possible, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code of 1954 relating to the measurement of taxable income of individuals, estates and trusts, modified as necessary by the state's jurisdiction to tax; to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to the definition of income, exceptions and exclusions therefrom, deductions (business and personal), accounting methods, taxation of trusts, estates and partnerships, basis, depreciation and

other pertinent provisions relating to gross income as defined therein, resulting in a final amount called 'taxable income' in the Internal Revenue Code; and to impose a tax on residents of this state measured by taxable income [i.e., federal taxable income] wherever derived * * *." ORS 316.007.

The policy that the federal taxable income for a given year is to be considered as Oregon's taxable income for such year is further implemented by ORS 316.012 providing, in part:

"Any term used in this chapter has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter. * * *"

The legislative intent was to enable the Oregon taxpayer substantially to utilize his federal income tax return for a given tax year, facilitating the preparation of the state return by lessening the onerous duplication of data, subject only to a limited number of specific modifications.

▪ It is concluded that a taxpayer's "federal taxable income" is also "Oregon taxable income" unless ORS chapter 316 clearly provides an exception. A number of modifications are specified in ORS 316.067. Patently, none of these modifications are applicable here and neither party contends that they are. This leaves only ORS 316.047 as a justification for plaintiffs' adjustment of their taxable Oregon income for 1969. The interpretation of this section is in contention.

▪ ORS 316.047 has been entitled by the codifiers of the statutes as a "Transitional provision to prevent doubling income or deductions." The section contains a rule which can be stated simply: An item of income

taxed on an Oregon return prior to January 1, 1969, will not be taxed again by Oregon, although it may be part of federal taxable income on and after January 1, 1969. An item allowed as a deduction on an Oregon return prior to January 1, 1969, and thereafter taken as a deduction in reaching federal taxable income on a federal return on or after January 1, 1969, will not again be allowed as a deduction for Oregon income tax purposes.

In the present case, plaintiffs had a capital loss in 1966 that was partially deductible under Oregon law in each of the years 1966, 1967 and 1968. In 1969, under a substantially revised Oregon statute, the plaintiffs, for Oregon income tax purposes, were allowed a deduction of the remainder of the loss for Oregon purposes only to the extent permitted under federal law in reaching federal taxable income. The $2,240 balance of plaintiffs' capital loss in 1966, so far as Oregon was concerned, had never been deductible in any year under the Oregon statute prior to 1969. There is no provision in the new act for its deduction on and after January 1, 1969.

Plaintiffs have contended that ORS 316.047 provides for the situation in which the taxpayers find themselves because of the language found in that section: "Differences such as the difference in basis of property used by the taxpayer for federal and Oregon income tax returns * * * shall be resolved by application of this principle." In the view of the court, the "principle" referred to is the prohibition of "double taxation" or of a "double deduction," neither of which is present in this case.

Plaintiffs' argument (see Plaintiffs' Memorandum, at 6) that a "double inclusion of income results in the

instant case" is fallacious because it disregards the state law applicable at the time. Plaintiffs state:

> "* * * In the year 1965, $5,146.23 of *additional* income was reported on 1965 Oregon income tax return since the Oregon income was not reduced by the subchapter-S loss claimed on the federal return; * * *." (Emphasis supplied.)

There was no "additional income" reported; there was merely "income." "Income" is not an absolute term; it is a matter of legislative intent, but is so complicated as to require numerous judicial decisions. See Magill, *Taxable Income* iii-iv (rev ed 1945). Its meaning can be changed at any legislative session.

Plaintiffs' arguments overlook the fact that the income tax law is designed chiefly to raise revenue. The act as a whole is a patchwork of particular legislative considerations, concessions and compromises. During its drafting, the projections by governmental economists of the revenue effect of various sections of the law often lead to statutory modiifcations with cut-off points which appear illogical. An appropriate example is ORS 316.320 (5), under which plaintiffs claimed the deduction for the capital loss on their 1966, 1967 and 1968 Oregon returns. Although the loss occurring in 1966 was substantial, the plaintiffs were required by the statute to measure out their deduction, limiting it to the extent of gains in the year in which deduction was taken plus $1,000 (the latter being an offset against ordinary income). Contrivances of this kind are typical of the income tax act.

That the state has ample power in the area of taxation to impose a tax as in this case is undoubted. *Lane Co. v. Oregon,* 74 US 71, 7 Wall 71, 19 L Ed 101 (1869). There is no guarantee in the statute or else-

where that the taxpayer will be "made whole," as urged by the taxpayers, with a nice balance between income and losses. "A taxpayer is allowed deductions, except as they may reflect a return of capital, generally only as a matter of legislative grace and not as a matter of right." 1 Mertens, *Law of Federal Income Taxation,* § 4.13, at 25 [citing numerous cases in footnote 14]. (The section cited contains a catalog of tax disputes, illustrating the arbitrary aspects of the income tax law.) The plaintiffs here suffered a substantial capital loss, but the legislature is not bound to restore it and could even ignore it. "Tax law is notoriously impervious to the claims of equity, * * *." *Bohemia Lumber v. Haley,* 252 Or 349, 351, 449 P2d 443 (1969).

Plaintiffs' contentions (1) and (2), quoted above, are answered in the negative by the foregoing. The plaintiffs made no effort to prove the third contention.

The defendant's order is affirmed.