Argued February 9, affirmed April 2, 1973

BRONSON ET UX, *Appellants, v.* DEPARTMENT
OF REVENUE, *Respondent.*

508 P2d 423

*Warde H. Erwin, P.C.,* Portland, argued the cause
and filed briefs for appellants.

*G. F. Bartz,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and Walter
J. Apley, Assistant Attorney General, Salem.

Before O'Connell, Chief Justice, and McAllister,
Denecke, Tongue, Howell and Bryson, Justices.

PER CURIAM.

We have read the briefs, the transcript and the Tax Court file. We agree with the opinion of the Tax Court on the issues raised in this case and therefore we adopt the opinion, 5 OTR Adv Sh 86 (1972).

It is appropriate that we mention one other matter not appearing in the opinion of the Tax Court.

Counsel for plaintiffs testified at length concerning the sale of plaintiffs' interest in the Arizona property in 1966 and the various tax ramifications and problems that arose from the sale. Counsel also argued the case in the Tax Court, and the argument necessarily involved many of the matters contained in his testimony. The same counsel argued the case in this court.

The American Bar Association Code of Professional Responsibility (1969) was adopted by this court on December 30, 1970. Canon 5 states in pertinent part, under Disciplinary Rules:

"DR 5-101 Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.

"* * * * * *

"(B) *A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:*

"(1) If the testimony will relate solely to an uncontested matter.

"(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

"(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

"(4) *As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.*" (Emphasis supplied.)

DR 5-102(A) states:

"Withdrawal as Counsel When the Lawyer Becomes a Witness.

"(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B)(1) through (4)." ABA Code of Professional Responsibility, pp 20-21.

We do not believe that counsel for plaintiffs in the instant case was justified in continuing the representation of the plaintiffs and testifying on the grounds stated in DR 5-101(4) above that failure to do so would work a substantial hardship on the client because of the distinctive value of the lawyer in the particular case.

In stating our conclusion we wish to make it clear that we are not impugning the motives of counsel or the trial court. Plaintiffs' counsel raised the question of his ability to testify and still remain counsel, and called to the court's attention the two rules mentioned above. In fact, counsel cited to the court ABA

Code of Professional Responsibility, Ethical Considerations EC 5-10, which states:

> "Problems incident to the lawyer-witness relationship arise at different stages; they relate either to whether a lawyer should accept employment or should withdraw from employment. Regardless of when the problem arises, his decision is to be governed by the same basic considerations. It is not objectionable for a lawyer who is a potential witness to be an advocate. if it is unlikely that he will be called as a witness because his testimony would be merely cumulative or if his testimony will relate only to an uncontested issue. *In the exceptional situation where it will be manifestly unfair to the client for the lawyer to refuse employment or to withdraw when he will likely be a witness on a contested issue, he may serve as advocate even though he may be a witness. In making such decision, he should determine the personal or financial sacrifice of the client that may result from his refusal of employment or withdrawal therefrom, the materiality of his testimony, and the effectiveness of his representation in view of his personal involvement. In weighing these factors, it should be clear that refusal or withdrawal will impose an unreasonable hardship upon the client before the lawyer accepts or continues the employment. Where the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.*" (Emphasis supplied) ABA Code of Professional Responsibility, p 19.

We do not believe that the instant case is such an exceptional situation that counsel should have been permitted to occupy the dual roles of witness and advocate. It seems to us that it would not have been difficult to acquaint another lawyer with the facts and the tax problems involved. There is nothing in the record to show that securing other counsel for

the trial would have been a financial sacrifice to plaintiffs.

We also take note of the fact that when a lawyer calls himself as a witness, his testimony is difficult to follow because it usually results, as it did in this case, in a narrative statement containing many conclusions of the witness. The problem is emphasized in a tax case because it is difficult for the lawyer-witness to avoid stating his contentions or the legal position taken in regard to the particular facts.

Affirmed.