## JACK R. and MARY L. CHAPIN *v.* DEPARTMENT OF REVENUE

M. Chapin Milbank, Brown, Schlegel, Milbank, Wheeler & Jarman, Salem, represented plaintiffs.

Ira W. Jones, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiffs rendered June 7, 1974.

CARLISLE B. ROBERTS, Judge.

Plaintiffs have appealed from the defendant's order No. I-73-26 (dated May 18, 1973), seeking abatement of an income tax deficiency asserted for the calendar year 1969 under ORS chapter 316, the Personal Income Tax Act of 1969.

The additional assessment was based upon the disallowance by defendant of a modification by plaintiffs of federal taxable income on the Oregon return in the sum of $729.44. The modification was made to obtain a depreciation deduction on the Oregon return greater than that claimed on the federal return for the calendar year 1969, increasing the amount of depreciation for Oregon income tax purposes to equal that which would have been deducted if the 1953 Personal Income Tax Act had continued in effect and the 1969 Personal Income Tax Act had not been adopted.

Effective January 1, 1969, the State of Oregon adopted a completely new personal income tax act, the Personal Income Tax Act of 1969 (ORS 316.002), superseding the Personal Income Tax Act of 1953 (ORS 316.005, 1965 Replacement Part). Under the new law, the Oregon return required the transfer to it of the taxpayer's federal taxable income as shown on his federal personal income tax return.

For taxable years beginning prior to January 1, 1969, plaintiffs employed the straight-line method for computing depreciation for both their state income tax return and for their federal personal income tax return. For some assets (farm machinery), plaintiffs took advantage of the 20 percent first-year fast write-off of depreciation on the federal return, pursuant to Int Rev Code of 1954, § 179, a provision in addition to the methods of depreciation provided by Int Rev Code of 1954, § 167. This resulted in a greater deduction for depreciation on the federal return than on the state return for the same asset, employing the straight-line method of depreciation over the same' useful life. Therefore, as of December 31, 1968, the accumulated depreciation on federal returns was greater than the

depreciation accumulated for the same period on state returns in the amount of $3,594.32, and plaintiffs sought, as an initial adjustment, to recover $729.44 of this amount in 1969 by reducing the federal taxable income carried over to the Oregon return by that sum.

In arguing their position before the Department of Revenue in the course of the administrative hearing, plaintiffs cited ORS 316.047 and 316.067 in the new law as imposing the duty and granting the authority to the defendant to accept the modification of federal taxable income made by plaintiffs on their 1969 personal income tax return to adjust for the difference between accumulated depreciation reflected on their prior federal and state income tax returns. In their appeal to this court, they have additionally cited ORS 314.275 (as well as sections relating to depreciation in ORS chapters 317 and 318 which the court deems irrelevant).

For the reasons set out in detail in *Rinehart v. Dept. of Rev.*, 5 OTR 210 (1973), the court agrees with the defendant that ORS 316.047 is of no aid to the plaintiffs in this case. Although there was an aberration from the precise schedule of depreciation of given items as reported on plaintiffs' Oregon returns prior to 1969, in consequence of the adoption of the new income tax act, no item of income reported in a prior year is taxed again in 1969 by virtue of the change in law, and no sum constituting a prior deduction is again sought as a deduction.

However, the court agrees with the plaintiffs that ORS 314.275 is applicable in this case. This section, adopted by Or Laws 1957, ch 544, § 2, from Int Rev Code of 1954, § 481, is in pari materia with ORS chapter 316. This conclusion is fortified by the cross-

references in ORS 314.275 (1) and in ORS 316.047 (the latter reading: "Where applicable, the provisions of ORS 314.275 shall be utilized."). ORS 314.275 reads in part:

"(1) In computing a taxpayer's taxable income for any tax year (referred to in this section as the 'year of the change'), under any law imposing taxes upon or measured by net income and administered by the Department of Revenue, if such computation is under a method of accounting different from the method under which the taxpayer's taxable income for the preceding tax year was computed, then there shall be taken into account those adjustments which are determined to be necessary solely by reason of the change in order to prevent amounts from being duplicated or omitted. The adjustments allowed by this section are to be made regardless of whether a change is requested by the taxpayer or required by the department or required by the enactment of the Personal Income Tax Act of 1969, and, if required, whether it is regarded as a change in the taxpayer's method of keeping books or a change in the method of reporting."

In construing the Personal Income Tax Act of 1969, we must seek to maintain as far as possible the simplicity in filing returns which was sought by the legislature in adopting the yardstick of "federal taxable income" as the basis for the Oregon return. But the same act requires a second step and a third; viz., to determine whether ORS 316.047 or ORS 314.275 are applicable to modify taxable income in a given instance.

█ The allowance of depreciation for income tax purposes is intended to provide a nontaxable fund to restore property used in producing income at the end of the useful life, when its capacity to produce income has ceased. This deduction, like all other deductions,

has been judicially held to be a matter of legislative grace. See *Schubert v. Commissioner,* 286 F2d 573 (4th Cir 1961), 7 AFTR2d 550, 61-1 USTC ¶ 9217; *International Trading Co. v. Commissioner,* 275 F2d 578 (7th Cir 1960), 5 AFTR2d 970, 60-1 USTC ¶ 9335; *Dairy Home Co. v. United States,* 180 F Supp 92 (D Minn 1960), 5 AFTR2d 691, 60-1 USTC ¶ 9251. The legislature, in creating its income tax formula, could disregard it. There is no "contract" between the taxpayer and his government which prohibits the legislature from changing the definition of income by which tax is measured (as asserted by plaintiffs). *Rinehart, supra,* at 216-217.

The computation of taxable income depends on two basic factors: the accounting method of the taxpayer and the income under that method for a set span of time. The treatment of depreciation, both as to method and as to time, is a vital part of the income tax law and the subject of much scholarly disputation. In this case, it is important to note that the former state provision (ORS 316.335) and the federal provision (Int Rev Code of 1954, § 167) each speak of "a reasonable allowance" for depreciation. There is some room for maneuver and adjustment in order to accomplish the ultimate goal, the taxpayer's recovery of his non-taxable capital investment. As stated in 4 Mertens, *Law of Federal Income Taxation* § 23.04a:

> "As indicated in the opening section of this chapter, there may be complex factors present in the determination of an appropriate allowance under the Code for depreciation in any particular case. Furthermore, there must perforce be inherent uncertainties in a concept which is geared in terms of a 'reasonable,' as distinguished from a definite or fixed, allowance. * * *"

In Or Laws 1957 (ss), ch 15, the legislature substantially changed its allowances for depreciation in the Personal Income Tax Act of 1953. ORS 316.335 was amended to allow to the taxpayer the federal accelerated methods of depreciation and a new legislative policy was declared therein:

"(2) The regulations prescribed by the commission [State Tax Commission; now the Department of Revenue] pursuant to this section shall be designed to permit the adoption and use by the taxpayer of a uniform method of computing his. allowance for depreciation *for the purposes of this chapter and for federal income tax purposes."* (Emphasis supplied.)

The court finds that there has been a consistent policy in the Oregon personal income tax law over the years since 1957 to allow the personal income taxpayer to recoup a reasonable depreciation through a tax deduction. It concludes that this policy was not changed with the adoption of the 1969 Oregon act, which depends upon federal taxable income as the beginning point of the Oregon tax formula, thereby allowing those provisions of the federal code relating to depreciation to affect the taxable income upon which the Oregon rates are imposed.[1]

There appears to be little doubt as to the applicability of ORS 314.275. While we normally think of "a change in method of accounting" as exemplified by some major accounting change (e.g., from the cash to the accrual basis), the statute is not thus limited. "It

---

[1] The court concedes that ORS 316.017 (1969 Replacement Part) and Or Const, Art IV, § 32, delegated to the Congress of the United States the power to change the policy, but it was not changed during the taxable years before the court and cannot be changed as long as the "freeze" imposed by Or Laws 1971 (ss), ch 4, § 2 (codified as ORS 316.012) remains in effect.

can include a change in the treatment of any particular material item such as a change in the method of computing depreciation." 3 Tax Research Inst. of America, *Tax Coordinator* ¶ G-2103 (Tax Accounting: Periods and Methods), at 4. It appears to the court that the plaintiffs are not changing their method of accounting in this particular instance, inasmuch as their accounts used two different methods for depreciation, one for state and one for federal purposes. However, by the imposition of the 1969 act, the state forced the taxpayers to change their method of reporting, requiring them to utilize the federal method of accounting for depreciation in lieu of the method formerly used for Oregon income tax purposes.[2]

The defendant has resisted making adjustment in the 1969 year, based upon its interpretation of ORS 316.047, which the court finds not to be applicable. There must be a time when an adjustment is made to insure that the plaintiffs actually recover their Oregon adjusted basis on their Oregon returns. The necessary adjustment could be made in a number of ways but there is no compelling logic that requires it to be made in the first year of the changed law, 1969.

Recognition of the principle in this conclusion is shown by the defendant in its interpretation of ORS 316.047, the department's regulations providing that adjustment under that section can be made subsequent

---

[2] However, whether considered a change in accounting or a change in reporting is not here significant, inasmuch as the statute is written broadly, the last sentence of ORS 314.275 (1) reading:

"* * * The adjustments allowed by this section are to be made regardless of whether a change is requested by the taxpayer or required by the department or required by the enactment of the Personal Income Tax Act of 1969, and, if required, whether it is regarded as a change in the taxpayer's method of keeping books or a change in the method of reporting."

to 1969 upon *sale* of the property, if the taxpayer has not recovered all of his depreciable basis by that time. In the present instance, the plaintiffs protest this regulatory interpretation as insufficient and discriminatory for the reason that they do not anticipate the sale of the property involved, expecting to use it as long as it has utility, even though its useful life as shown in the depreciation schedules has terminated. The court agrees with the plaintiffs. The adjustment should be made pursuant to ORS 314.275 and should be equally applicable to retention of the property or sale, enabling the taxpayer to recover his Oregon depreciation.

The adjustments could be made following the completion of the federal depreciation schedule, and there is logic in so doing. The "year of change" is not necessarily 1969; the year of adjustment (or "change") first must occur when it is "necessary solely by reason of the change [of law or circumstances] in order to prevent amounts from being duplicated or omitted." ORS 314.275 (1). During the period in which federal depreciation is being taken by the plaintiffs, affecting Oregon income only through the use of federal "taxable income," pursuant to ORS 316.062, it is difficult to argue that some "amounts" are being "omitted" within the purview of the statute. The plaintiffs are in no position in such years to argue that they are not receiving that "reasonable allowance" granted by statute. However, when federal depreciation is exhausted as to a particular item and the taxpayer has not yet recovered his adjusted basis in such item for Oregon purposes, there will be an omission of an "amount" of depreciation to which the taxpayer is entitled for income tax purposes in Oregon.

However, the mechanism for handling this Oregon deduction is a matter for the defendant and its power and its duty to set up the necessary machinery are explicit in ORS 314.275:

"(3) In the case of any change described in subsection (1) of this section, the taxpayer may, in such manner and subject to such conditions as the department may by regulations prescribe, take the adjustments required by subsection (1) into account in computing the tax imposed for the tax year or years permitted under such regulations."

Up to this time, defendant has prepared no regulation which covers the situation which is the subject matter of this case, but it must do so.

A number of prior decisions made by this court, hinging on ORS 316.047, are distinguishable from the present suit. A review of the precise language of each decision is essential to a clear understanding but a brief statement regarding the several cases will be made here.

*Rinehart, supra,* involved an attempted deduction in 1969 by which the owners of the stock of a Subchapter S corporation sought to compensate for their inability under the Oregon law of 1965 to reduce basis in the stock by a loss passed through by the corporation to the stockholders under the federal law. This was, in effect, an attempt by the taxpayers to obtain a retroactive amendment of Oregon personal income tax laws prior to 1969, to adopt the federal Subchapter S, in addition to the specific provisions of ORS 316.320 (5) (1965 Replacement Part), relating to certain loss carry-overs. Such an "adjustment" did not come within the purview of ORS 314.275, either as a change in accounting method or a change in the method of report-

ing. No continuity of a legislative policy before, during and after 1969 can be found in the statutes relating to federal Subchapter S similar to the policy which the court here finds for depreciation in ORS 314.275 and 316.335 (1965 Replacement Parts) and ORS 314.275, 316.007, and 316.062 (1969 Replacement Parts).

In *Bronson v. Dept. of Rev.*, 5 OTR 86 (1972) *aff'd* 265 Or 211, 508 P2d 423 (1973), a question involving the treatment of an annuity on the 1969 return was settled for that year by a finding on the part of the court that the problem was not covered by the provisions of ORS 316.047, as asserted by the department, and the taxpayers' method of reporting was sustained for the year in question. The question of the application of ORS 314.275 was never raised by either party in respect to annuities and the court was never advised thereon. The possible application of ORS 314.275 to a future "year of change," in the case of an annuity, may be worthy of study by the tax administrator but the court has no present opinion.

In the cases of *Miller v. Dept. of Rev.*, 5 OTR 397 (1974), *Christian v. Dept. of Rev.*, 5 OTR 364 (1973), *Tallman v. Dept. of Rev.*, 5 OTR 375 (1973), and *May v. Dept. of Rev.*, No. 731 (decided Dec. 20, 1973; unpublished),[9] the taxpayers in each instance sought to obtain the benefits of net operating loss carryforwards or carry-backs, based on transactions occurring before 1969, affecting years both before and after the effective date of the Personal Tax Act of 1969. Since the Oregon legislature had never provided a net

---

[9] Each of these cases has been appealed to the Oregon Supreme Court.

operating loss carry-back prior to 1969, there was no year prior to 1969 under which an adjustment could be made. The federal and state statutes were grossly dissimilar. *Christian, supra,* at 366-367. As in *Rinehart, supra,* no specific and continuing Oregon legislative policy respecting the issue in the cases, before and after the 1969 Income Tax Act, can be found by the court. ORS 314.275 is a procedural act. There must be a continuity in the applicable substantive provisions of the former and present income tax laws on which the procedural provisions are operable. For 1969 and thereafter, only those applications of the federal statute affecting taxable income as carried forward into the Oregon law through the taxpayer's federal taxable income could be recognized. As in *Rinehart, supra,* the lack of the necessary substantive law precludes the use of ORS 314.275. The term "change" in that section requires the existence of a prior and a subsequent operation, continuous in all respects except that an *amount* has been modified by Oregon's 1969 Act which, in the year in question, requires an adjustment to protect the interests either of the taxpayer or of the state, pursuant to the legislative policy of ORS 314.275.

*Patty v. Dept. of Rev.,* 5 OTR 332 (1973), is easily distinguishable. It involved basis in a personal residence as to which an income tax deduction for depreciation has never been allowed under state or federal law.

Defendant's order is found to be void and it is instructed to issue a new order in conformity with the ruling in this decision.