Argued and submitted June 16, affirmed July 28,
reconsideration denied September 11,
petition for review denied November 10, 1980 (290 Or 149)

MINER,
*Respondent,*
*v.*
CITY OF VERNONIA, et al,
*Appellant,*

v.

STATE ACCIDENT INSURANCE FUND,
*Respondent,*

(No. 23852, CA 16096)

614 P2d 1206

Ronald C. Holloway, Hillsboro, argued the cause for appellant. On the briefs were David G. Frost and Frost & Hall, Hillsboro.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent State Accident Insurance Fund. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Larry K. Bruun, and Welch, Bruun & Green, Portland, waived appearance for respondent Elroy H. Miner.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The City of Vernonia appeals a summary judgment in favor of third-party defendant State Accident Insurance Fund (SAIF). The issue is whether SAIF is required to provide compensation to plaintiff for injuries sustained while working as a volunteer fireman for the city. Plaintiff obtained a judgment against the city which is not appealed. The appeal involves a question of law. The facts respecting SAIF's alleged liability are undisputed.

Plaintiff suffered a myocardial infarction in April, 1977, while performing services as a volunteer fireman for the defendant City of Vernonia. Prior thereto, the city had elected to provide workers' compensation coverage for its volunteer firemen though SAIF, in accordance with ORS 656.031. However, the city failed to include plaintiff's name on the list of covered personnel it furnished SAIF, as ORS 656.031(4) then required. Plaintiff filed a workers' compensation claim with SAIF. SAIF denied the claim because plaintiff's name did not appear on the list. The referee and the Workers' Compensation Board affirmed the denial of coverage. The city did not participate in the administrative proceedings.

After the referee affirmed SAIF's denial, plaintiff brought this action against the city, alleging that the latter's failure to include plaintiff's name on the list constituted negligence and a breach of contract. The city filed a third-party complaint against SAIF, alleging that the city and SAIF had contracted for coverage of the city's volunteer firemen pursuant to ORS 656.031, that the city had paid premiums to SAIF sufficient to cover all of its volunteer firemen, and that SAIF's denial of plaintiff's claim was a breach of contract.[1] SAIF moved for summary judgment on the third-party claim, contending that the issue of plaintiff's coverage was previously decided in

[1] The material allegations of the second amended third-party complaint are:

the workers' compensation proceedings and that the city was barred by res judicata or collateral estoppel from further litigating the issue. The trial court granted the motion. The court's letter opinion indicates that the basis for its decision was its interpretation of ORS 656.031 rather than SAIF's estoppel by judgment theories. The city appeals, and we affirm.[2]

"* * * * *

"III.

"Prior to and on March 31, 1977, third party plaintiff and third party defendant agreed that third party defendant would provide Workers Compensation Insurance coverage for third party plaintiff's volunteer firemen employees, pursuant to ORS 656.031.

"IV.

"On March 31, 1977, third party plaintiff paid $19.32 to third party defendant as a quarterly premium in full for such insurance coverage for twenty-three volunteer firemen employees. Third party defendant accepted said quarterly premium and thereby agreed to provide Workers Compensation Insurance coverage for third party plaintiff's volunteer firemen for the months of April, May and June of 1977.

"V.

"On or about March 31, 1977 and on or about April 18, 1977, and at all times between said dates, the third party plaintiff had in its employ twenty-three volunteer firemen, one of whom was Elroy Miner, plaintiff.

"VI.

"On or about April 18, 1977 while performing as a volunteer fireman for third party plaintiff, Elroy Miner suffered physical injury which allegedly arose out of and in the course of his duties as a volunteer fireman.

"VII.

"That Elroy Miner applied for Workers Compensation benefits with the third party defendant and third party defendant breached its contract with third party plaintiff by denying Elroy Miner's claim. * * *"

[2] The city's appeal is taken from the final judgment in the case, which awards damages to plaintiff and which incorporates and finalizes the order allowing summary judgment. The notice of appeal specifies only the order granting summary judgment as the portion of the judgment appealed from.

At the time of plaintiff's injury, ORS 656.031(4) provided, as pertinent:

"The county, city or municipality shall furnish the fund with a list of the names of those employed as volunteer personnel and shall notify the fund of any changes therein. Except as provided in ORS 656.120, only those persons whose names appear upon such list prior to their personal injury by accident are entitled to the benefits of ORS 656.001 to 656.794 and they are entitled to such benefits if injured as provided in ORS 656.202 while performing any duties arising out of and in the course of their employment as volunteer personnel * * *."

The 1977 legislature amended that subsection (Or L 1977, Ch 72, § 1) to read, in relevant part:

"The county, city or municipality shall maintain separate official membership rosters for each category of volunteers showing the date each volunteer became a member. A certified copy of the official membership roster shall be furnished the fund upon request. Except as provided in ORS 656.120, only those persons whose names appear on the official membership roster prior to their personal injury by accident are entitled to the benefits of ORS 656.001 to 656.794 and they are entitled to such benefits if injured as provided in ORS 656.202 while performing any duties arising out of and in the course of their employment as volunteer personnel * * *."

The language of the statute in effect at the time of plaintiff's injury is unambiguous. Under it, volunteer personnel whose names did not appear on the list furnished to SAIF by the responsible local government were not entitled to coverage.

The city makes three arguments on appeal, the principal one of which is that the 1977 amendment to ORS 656.031(4) should be applied retroactively, and that plaintiff would be entitled to workers' compensation coverage if the amended statute were applicable. The city relies on *State ex rel Huntington v. Sulmonetti,* 276 Or 967, 557 P2d 641 (1976), and *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298

[397]

(1977). We held in *Holden* that a worker was entitled to bring a claim within the extended limitation period established by a 1973 amendment to ORS 656.807, although the time for bringing the claim had run under the limitation provision in effect at the time he filed his claim. As relevant here, the Supreme Court's holding in *Huntington* is analogous to our decision in *Holden.* However, neither *Huntington* nor *Holden* is analogous to the present case.

The statute in question here, unlike the statutes considered in *Huntington* and *Holden,* relates to eligibility for coverage rather than whether and when a claim can be made in situations where coverage exists. In *Bradley v. SAIF,* 38 Or App 559, 590 P2d 784, *rev den* 287 Or 123 (1979), we held that amendments to ORS 656.218, a statute relating to eligibility for benefits, were not to be given retroactive effect. We stated:

"* * * The key factor in retroactive application questions is legislative intent. *See, e.g., Mahana v. Miller,* 281 Or 77, 573 P2d 1238 (1978); *Employment Div. v. Bechtel,* 36 Or App 831, 585 P2d 769 (1978). That intent may be discerned from the effects of retroactive application. As the court stated in *Joseph v. Lowery,* 261 Or 545, 548-49, 495 P2d 273 (1972):

" '[T]his court has refused to give retroactive application to the provisions of statutes which affect the legal rights and obligations arising out of past actions. This is without respect to whether the change might be "procedural or remedial" or "substantive" in a strictly technical sense.'

"In the present case, application of current law rather than former law would change the rights and obligations arising out of past transactions. Respondent could be liable for greater payments than those for which it would have been liable under former law. In light of the express language of ORS 656.202(2), the presumption against retroactive application (*Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969)) and the absence of any legislative history supporting

[398]

retroactivity, we hold that the amendment to ORS 656.218 applies prospectively only." 38 Or App at 564.

For largely the same reasons, we conclude that the 1977 amendment to ORS 656.031(4) does not apply retroactively.

The city next argues that ORS 656.031(4) is, in essence, a procedural or notice statute which should be interpreted liberally to promote the ability of workers to claim and procure compensation. The city relies on *Stroh v. SAIF,* 261 Or 117, 492 P2d 472 (1972), and later cases, which hold that statutes governing the time and manner of making claims, giving notices and invoking the review processes of ORS Ch 656 should be construed flexibly whenever a claimant's or employer's failure to strictly comply does not result in prejudice to the other. We do not agree that ORS 656.031(4), prior to the 1977 amendment or now, is a procedural or a notice statute, or that its requirements can be judicially modified. The statute clearly and expressly establishes a condition of coverage.

The city's final argument is that SAIF accepted the required premium for all 23 of the city's volunteer firemen, of whom plaintiff was one, and that SAIF was therefore equitably estopped from denying coverage of plaintiff. The doctrine of equitable estoppel has no application here. One of the elements of that doctrine is that the party purporting to rely on another's representation be ignorant of the truth. *See Earls et ux v. Clarke et al,* 223 Or 527, 530, 355 P2d 213 (1960). We conclude as a matter of law that the city was as aware of the statutory requirement as was SAIF. *See Bohemia Lumber v. Haley,* 252 Or 349, 351, 449 P2d 443 (1969).[3]

Affirmed.

---

[3] The city had in fact submitted its list of covered volunteers to SAIF, but plaintiff's name was omitted from the list.