Argued and submitted April 15, reversed and
remanded for further proceedings August 31, 1981

In the Matter of the Compensation of
Olive Hermann, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

## HERMANN,
*Respondent.*

(No. 79-4231, CA 19515)

633 P2d 22

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

J. Burdette Pratt, Nyssa, argued the cause for respondent. With her on the brief was Stunz, Fonda & Pratt, Nyssa.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

The State Accident Insurance Fund (SAIF) appeals an order of the Workers' Compensation Board affirming the referee's opinion and order which required SAIF to accept claimant's workers' compensation claim. SAIF had denied the claim on the ground that the Vocational Rehabilitation Division (VRD) failed to notify SAIF that claimant was involved in a work experience program at VRD as required by ORS 655.615(4). The issues are whether VRD complied with ORS 655.615(4) and, if not, whether claimant is entitled to compensation on the theory that VRD was a noncomplying employer. We reverse.

Claimant had been forced to discontinue her previous employment because of a disability not connected with her employment. She was enrolled by VRD in a work experience program and was assigned to the Malheur County Drug and Alcohol Rehabilitation Center. She received no salary from the Center, but VRD paid her a monthly salary equal to the minimum hourly wage for the time spent in the program. Claimant was injured in the course of her duties as a counselor-trainee at the center.

At the time of claimant's injury, ORS 655.615 provided:[1]

"(1)   All clients participating in a work evaluation or work experience program of the division [VRD] are considered as workmen subject to ORS 656.001 to 656.794 for purposes of this section.

"* * * * *

"(4)   The division shall furnish the fund [SAIF] with a list of the names of those enrolled in its work evaluation or work experience program and shall notify the fund of any changes therein. Only those clients whose names appear on such list prior to their personal injury by accident are entitled to the benefits of ORS 656.001 to 656.794 and they are entitled to such benefits as provided in ORS 656.156 and 656.202 while performing any duties arising out of and in the course of their participation in the work evaluation or work experience program * * *.

"* * * * *"

---

[1] ORS 655.605 and 655.615 were amended in 1979. The amendments became effective subsequent to claimant's injury. For the reasons stated in *Miner v. City of Vernonia,* 47 Or App 393, 614 P2d 1206, *rev den* 290 Or 149 (1980), we conclude the former statutes are applicable.

■      ORS 655.605 *et seq.* specifically includes clients of VRD within the coverage of the Workers' Compensation Act. As a prerequisite to coverage by SAIF as an insurer, VRD is required to submit a list of clients engaged in the described programs. In *Miner v. City of Vernonia,* 47 Or App 393, 614 P2d 1206, *rev den* 290 Or 149 (1980), we construed a similar statute, former ORS 656.031(4), to require notification of the workers to be covered by SAIF in order for SAIF to be liable as a workers' compensation insurer. The primary issue in this case is whether the required notification was given to SAIF.

The testimony indicated that normally VRD satisfied the statutory notification by submitting a list of its clients on SAIF's standard form # 190. No list with claimant's name on it was submitted to SAIF in this case. VRD listed claimant on another form, which was an internal memorandum containing the names of clients to be insured by SAIF. This list was not given to SAIF. A VRD official testified the latter list was prepared by VRD branch offices and sent to the central VRD office. He stated SAIF had indicated that list should be kept in the VRD main office and be available for inspection by SAIF. VRD paid a premium to SAIF based on the names listed on the internal memorandum.

■      Claimant argues that the existence of the internal memorandum available to SAIF and the fact a premium covering her was paid is substantial compliance with ORS 655.615(4). The statute does not require any particular form of list to be submitted to SAIF, but it does require that SAIF be provided a list of the clients of VRD subject to coverage for workers' compensation benefits. The internal memorandum, which was not given to SAIF, does not satisfy the statutory requirement. In *Miner v. City of Vernonia, supra,* we rejected the city's argument that by paying the required premium, a contract for coverage by SAIF was created, even though SAIF was not notified that the particular worker was to be insured. That same rationale would apply under ORS 655.615(4). We conclude that VRD did not comply with the statute, and SAIF properly denied responsibility for the claim on that basis.

Claimant argues that if her injury was not covered because SAIF was not provided proper notification as required by ORS 655.615(4), she nevertheless is entitled to compensation benefits paid by SAIF because VRD is a noncomplying employer. ORS 656.054. Claimant raised this issue in her brief filed with the Workers' Compensation Board and in her brief in this court. Because the Board determined that VRD had complied with the notification requirement, it did not address the issue as to whether VRD was a noncomplying employer.

There are a number of consequences which flow from a determination that an employer has not complied with the Act. SAIF is required to administer the claim and may seek reimbursement from the noncomplying employer. ORS 656.054. In addition, the Director may assess penalties against that employer. The employer is entitled to notice of the charge of noncompliance and may request a hearing. We conclude this issue should be addressed in the first instance by the Board.

Reversed and remanded for further proceedings.