Argued and submitted November 25, 1981, affirmed May 26, 1982

In the Matter of the Compensation of
Thomas Westfall, Claimant.
WESTFALL,
*Petitioner,*
*v.*
MULTNOMAH COUNTY,
*Respondent.*
(No. 80-01122, CA A21461

645 P2d 561

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Paul G. Mackey, Deputy County Counsel, Portland, argued the cause for respondent. With him on the brief was John B. Leahy, County Counsel, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this workers' compensation case, claimant appeals an order of the referee, affirmed by the Workers' Compensation Board, denying his claim for compensation on the ground that he was not a covered employe. We affirm.

The facts are not in dispute. Claimant was injured while incarcerated at the Multnomah County Correctional Institution serving a sentence. He was assigned to an inmate work crew and taken to the county jail to move some rock. The inmates on the work crew were paid one dollar per day for working on the crew. During the process of moving the rock, claimant injured his back. He subsequently received medical treatment, including surgery, and filed a workers' compensation claim with the county. It was stipulated that the county was self-insured but had not filed an election to cover jail inmates pursuant to ORS 656.041. Following a number of procedural events not material to the issue under review, the county ultimately denied the claim and moved to dismiss the proceedings on the ground that claimant was not a subject worker entitled to compensation. The referee upheld the denial on the basis that, because the county had not filed the election required by ORS 656.041, claimant was not covered for compensation benefits.

■        Claimant argues that he is a "subject worker" as defined in ORS 656.027:

"All workers are subject to ORS 656.001 to 656.794 except those nonsubject workers described in the following subsections:

"* * * * *."

None of the subsections specifically exclude jail inmates. Claimant contends that, if he is a "worker," he is covered under the Act because his type of employment is not excluded under ORS 656.027. He argues that he is a worker because there was an employer-employe relationship at the time of his injury. For the purposes of the Workers' Compensation Act, an employment relationship must exist, determined by a two-pronged test of remuneration for labor and the right of the putative employer to control the alleged employe. *Robinson v. Omark Industries,* 46 Or App

263, 611 P2d 665, *rev allowed* 289 Or 741 (1980), *petition dismissed as improvidently granted* 291 Or 5, 627 P2d 1263 (1981). Claimant contends that both prongs of the test are met because the county, through the jail staff, had the right to and did exert control over his performance of duties as part of the work crew and because he was paid one dollar per day remuneration for his labor. He argues that, because he is a subject worker under ORS 656.027, it is immaterial that the county did not elect to cover jail inmates under ORS 656.041.

■ We conclude that claimant is not a subject worker and is not covered under the Act, because the county did not file the election of coverage. *See Miner v. City of Vernonia,* 47 Or App 393, 614 P2d 1206, *rev den* 290 Or 149 (1980). When possible, we must construe statutes on the same subject so as to achieve consistency. *Davis v. Wasco IED,* 286 Or 261, 593 P2d 1152 (1979); *Urban Renewal v. Swank,* 54 Or App 591, 635 P2d 1344(1981), *rev den* 292 Or 450 (1982). The authority of the county to require inmates to perform work derives from ORS 169.320, which provides:

"Except as otherwise provided in ORS 169.170 to 169.210, each county sheriff shall have custody and control of all persons legally committed or confined in the county local correctional facility * * *, he shall work such prisoners in the county local correctional facility * * * at such places and such time and in such manner as the [county] court or board may direct. The sheriff may retain and put to work such number of such prisoners as may be required to perform necessary services in and about the facility and in the care thereof."

*See also* ORS 169.170.

The sheriff is authorized to require the inmates to work because of their status as prisoners, not because they are employes. They are essentially conscripts. For inmates to be covered under the Act for injuries while performing "authorized employment" the county must file a notice of election with the director of the Workers' Compensation Department. "Authorized employment" means the employment of an inmate on work authorized by the governing body of the county. ORS 656.041(1)(a). Reading these statutes together, it is clear that the legislature did not intend to include inmates performing work authorized by

ORS 169.320 as subject workers under the Workers' Compensation Act. If, as claimant contends, inmates doing such work for even token remuneration are subject workers, it would have been unnecessary to provide specifically a special provision for coverage of inmate injuries. The two statutes—ORS 656.027 and 656.041—would be inconsistent if we adopted claimant's construction.

Claimant presents an alternative argument. He points out that the statute construed in *Miner v. City of Vernonia, supra,* (ORS 656.031) provides that volunteer personnel of a city "shall not be considered as workers unless the municipality filed the election." He argues that, because this same language does not appear in ORS 656.041, the legislature did not intend the election of coverage to be the sole method of covering inmates for work injuries. It follows, he contends, that an injured inmate may seek compensation under the general provisions for subject workers. We disagree. ORS 656.041(2) provides that "A * * * county may elect to have inmates performing authorized employment considered as subject workers * * *." There is no material difference in the effect of the two statutory provisions. In either instance a volunteer or an inmate becomes a subject worker only if the election is filed.

We conclude that claimant is not a subject worker as defined in ORS 656.027 and is not covered under the Act, because the county did not file the election of coverage required by ORS 656.041.

Affirmed.